UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LORI DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-445 |
| | ) | (VARLAN/SHIRLEY) |
| ASBURY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendant Asbury, Inc.'s Partial Motion to

Dismiss [Doc. 4]. Plaintiff filed a response in opposition to the partial motion to dismiss

[Doc. 12], and defendant replied [Doc. 13]. Also before the Court is Asbury, Inc.'s,

Motion to Strike Declaration of Katharine Kores and Incorporated Brief in Support [Doc.

14]. Plaintiff responded in opposition to the motion to strike [Doc. 15], and defendant

replied [Doc. 16].

### I. Background

Plaintiff brings claims against defendant for violation of her rights under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Tennessee

Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, *et seq.*, the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Tennessee common law [Doc. 1-2].

Plaintiff was terminated from her employment on August 30, 2011. On November 2,

2011, she filed an Intake Questionnaire with the Equal Employment Opportunity

Commission ("EEOC"), at the bottom of which she signed her name below the box stating, "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above" [Doc. 12-1]. On November 9, 2011, the EEOC mailed a letter to Pat Vickers, Human Resources Director at Asbury Place—Maryville, notifying her that it was sending her an EEOC Form 131, Notice of Charge of Discrimination, and indicating that "no action" was required because the EEOC was "awaiting a signed and dated charge of discrimination from the potential Charging Party" [Doc. 12-4]. On November 10, 2011, the EEOC mailed plaintiff a letter, care of Jessie D. Nelson, her attorney, assigning an EEOC Charge Number and attaching the EEOC Form 5, Charge of Discrimination. The letter stated, in part, the following:

> The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.
>
> To enable proper handling of this action by the Commission you should:
>
> (1) Review the enclosed charge form and make corrections.
>
> (2) Sign and date the charge in the bottom left hand block where I have made an "X." For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date.
>
> (3) Return the signed charge to this office.
>
> Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within

2

30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

[Doc. 12-3, p. 2]. Plaintiff reviewed the statements in the Form 5, agreed with them, and authorized her attorney to sign her name [Doc. 12-6].

On November 18, 2011, plaintiff, through her attorney, filed the Form 5, Charge of Discrimination, with the EEOC, alleging that defendant failed to accommodate her alleged disability in violation of the ADA. At the section of the Form 5 where the charging party is directed to sign to "declare under penalty of perjury that the above is true and correct," plaintiff's attorney signed the form, "Lori Davenport by: Jesse Nelson w/prm" [Doc. 5-1].

On January 27, 2012, defendant submitted a response to plaintiff's Charge of Discrimination, arguing that the Charge of Discrimination was legally insufficient and subject to dismissal because it was signed by her attorney and thus not properly verified by the charging party [Doc. 5-2]. After submitting the response to the EEOC, defendant did not receive any communication from the EEOC until July 9, 2012, when the EEOC issued the "Notice of Right to Sue (Issued on Request)" [Doc. 5-3]. The right to sue indicates that the director certified the processing would likely not be completed within 180 days of filing [Docs. 5-3, 12-7]. The right to sue was issued upon request from plaintiff, who had not received any communication from the EEOC in nearly eight months [Docs. 12, 5-3, 12-7]. Accordingly, defendant claims the EEOC never reached a decision as to the sufficiency of the allegations in the Charge of Discrimination.

3

Defendant moves the Court for an order dismissing plaintiff's ADA claim, because, it argues, plaintiff has failed to exhaust her administrative remedies, as her charge was not verified and is thus invalid. Attached to plaintiff's response in opposition to the partial motion to dismiss is the declaration of Katharine Kores, the District Director of the Memphis District Office of the EEOC, which includes the Nashville area office [Doc. 12-2]. The declaration asserts that Ms. Kores is responsible for the operations within the district, including the investigation of employment discrimination charges. In response to the attachment of the declaration to plaintiff's response, defendant filed a motion to strike the declaration [Doc. 14], to which plaintiff responded in opposition [Doc. 15]. Because plaintiff relies heavily on the contents of the declaration in her response in opposition to the partial motion to dismiss, the Court will first decide whether to consider the declaration in its analysis of the motion to dismiss.

## II. Motion to Strike

Defendant moves the Court for an order striking the declaration of Katharine Kores from the record [Doc. 14]. Defendant asserts that Ms. Kores does not have the authority to speak on behalf of the EEOC or to provide statements interpreting its regulations, making the declaration hearsay and an improper expression of a personal legal opinion. Defendant claims that Ms. Kores's declaration cannot be considered the official position of the EEOC, as she has "neither actual nor apparent authority to provide interpretations of the EEOC's regulations" [Doc. 14, p. 2 (citing 5 U.S.C. § 500, *et seq.*)]. Defendant argues that Ms. Kores's interpretation of the EEOC's regulations, which

4

defendant claims is contradicted by legal precedent, is even less persuasive, as it contradicts the language of the relevant statute and the EEOC's regulations themselves. Defendant states that the declaration contains legal conclusions on issues before the Court for its determination, and the declaration cannot be used as a substitute for the language of the actual statute, case law, or the EEOC's regulations.

Plaintiff responds that a Rule 12(f) motion to strike is the improper vehicle for defendant to challenge the declaration, as Rule 12(f) applies only to pleadings and does not apply to affidavits. Plaintiff asserts that Ms. Kores has the authority to testify, in her role as the District Director of the District Office, which includes Nashville, as to her office's treatment of plaintiff's charge and its determination that plaintiff complied with all prerequisites to allow the EEOC to fulfill its investigative role. Plaintiff additionally responds that "while Defendant accuses Ms. Kores of making legal conclusions, the fact remains that the EEOC routinely makes legal conclusions about its own authority to investigate a person's claim" [Doc. 15, p. 2].

Defendant first replies that its motion to strike does not rely upon Rule 12(f) and instead, defendant urges the Court to look to the Rule 56(e) standard for affidavits submitted in support of or opposition to summary judgment: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). As defendant argues that much of the declaration amounts to legal conclusions on the issue before the Court,

5

defendant requests that the Court, at minimum, strike and decline to consider paragraphs 4(b), 4(c), and 4(g), as each of those includes what defendant considers to be nothing more than a legal conclusion. Defendant additionally argues that the EEOC regulations delegate specific duties to district directors and that those regulations do not give directors the authority to speak on behalf of the EEOC or interpret statutory or regulatory requirements. "While Ms. Kores may be competent to testify how the Memphis District Office handled Plaintiff's charge, or even the decisions the Memphis District Office made, Ms. Kores does not have the authority to give 'the EEOC's position'" [Doc. 16, p. 3 (emphasis omitted)].

In plaintiff's response to the partial motion to dismiss, plaintiff asserts that as she has attached the declaration of Ms. Kores, the Intake Questionnaire, several EEOC letters, a Notice of Charge, the Affidavit of plaintiff, and an EEOC Memorandum [Docs. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7], the Court should convert defendant's partial motion to dismiss into a motion for partial summary judgment. "The federal rules require that if, in a 12(b)(6) motion to dismiss, 'the matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'" *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). "Where 'one party is likely to be surprised by the proceedings, notice is required,' but generally, '[w]hether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is

necessary depends upon the facts and circumstances of each case.'"  *Id.* (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 203 (6th Cir. 1998)).

In this case, plaintiff requested that the Court convert the motion.  Defendant replied to plaintiff's response to the partial motion to dismiss and did not address the request for conversion in that reply.  Defendant did, however, file a motion to strike the declaration of Ms. Kores, and in its reply to plaintiff's response in opposition to that motion, discussed the fact that the Court should consider the declaration under the same standards as affidavits submitted under Rule 56.  Defendant did not challenge or request that the Court refuse to consider any of the other attachments to plaintiff's response, and it appears to the Court that the parties have been operating as though the motion to dismiss may be treated as one for summary judgment.

Upon review of the relevant documents and law, the Court will convert the partial motion to dismiss into a motion for summary judgment and consider it as such.  The Court finds that defendant had notice that the motion to dismiss might be converted, through the request in plaintiff's response, and defendant has had a reasonable opportunity to present additional materials outside the pleadings.  Defendant filed a reply and also a motion to strike and did not include additional materials not already attached to the partial motion to dismiss.  Accordingly, as the Court treats the motion to dismiss as one for summary judgment, the Court will analyze the motion to strike the declaration under the lens of a challenge to an affidavit attached to a motion for summary judgment.

In the context of summary judgment, "[i]t is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavits." *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002). Construing the motion to strike as a notice of objection to the admissibility of the contents of the declaration, *see Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003) (collecting cases), the Court finds it appropriate to disregard paragraphs 4(c) and 4(g) from the declaration, but declines to strike 4(b) [Doc. 12-2]. The declaration as a whole appears to be made based on personal knowledge, known to Ms. Kores through her position as District Director. Defendant's reply recognizes that defendant "does not challenge Ms. Kores' ability to testify to facts, but objects to her authority to speak on behalf of the EEOC and/or provide the 'EEOC's position' with respect to statutory and regulatory requirements" [Doc. 16, p. 3 n.2].

As an alternative to refusing to consider the declaration as a whole, defendant requests that the Court refuse to consider all three paragraphs listed above, as defendant claims they each contain legal conclusions. Upon review, however, the Court finds that paragraph 4(b) is based in fact, rather than stating a legal conclusion. Paragraph 4(b) states: "The Commission reviewed the Intake Questionnaire and the subsequent Form 5, Charge of Discrimination, which she signed via her attorney, and the charge was accepted as constituting a valid charge of discrimination" [Doc. 12-2 ¶ 4(b)]. That paragraph appears to state the facts as to how the charge was treated and accepted by the EEOC, rather than the legal conclusion that the EEOC properly accepted the charge and

8

treated it as valid. As defendant argues, the legal conclusions of the EEOC and the way the EEOC handles charges of discrimination are subject to judicial review; thus, the EEOC's treatment of the charge as accepted and valid is not dispositive of the issue of the charge's verification and validity now before the Court. Upon review of paragraphs 4(c) and 4(g), the Court finds that these each contain legal conclusions as to the issue before the Court, and the Court will not consider those conclusions. *See Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004).

Accordingly, defendant's motion to strike, treated by the Court as an objection to the admissibility of the contents of Ms. Kores's declaration, is granted in part and denied in part, to the extent that the Court will exclude paragraphs 4(c) and 4(g) from its consideration of defendant's partial motion to dismiss, now converted to a motion for partial summary judgment.

### III.    Partial Motion to Dismiss/Motion for Partial Summary Judgment

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). Until an employee receives a right to sue letter from the EEOC, she has not exhausted her administrative remedies and may not file suit under the ADA. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures in § 2000e-5 apply to claims brought under the ADA).

9

"Charges shall be in writing under oath or affirmation . . . ." 42 U.S.C. § 2000e-5(b). The EEOC interprets this requirement as a requirement that the charge be "verified," 29 C.F.R. § 1601.9, meaning that it is "sworn to or affirmed" or "supported by an unsworn declaration in writing under penalty of perjury," 29 C.F.R. § 1601.3(a). The Supreme Court requires that "if a filing is to be deemed a charge," "it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (decided in the context of the Age Discrimination in Employment Act ("ADEA")). "A charge may be amended to cure technical defects or omissions, including the failure to verify the charge . . . ." 29 C.F.R. § 1601.12(b).

Defendant claims that Plaintiff has not exhausted her remedies as to her ADA claim, as she did not file a verified charge of discrimination with the EEOC prior to the issuance of her right to sue letter. In support of this claim, defendant contends that a charge of discrimination must be verified by the employee to be valid and that an attorney's signature on the charge is not sufficient verification. Plaintiff responds in a number of ways, and the Court will address each argument in turn.

Plaintiff first argues that her Charge of Discrimination was valid, despite the fact that it was signed and submitted by her attorney, because the regulations permit a third-

party to file a charge on behalf of the aggrieved party.[1] "A charge on behalf of a person claiming to be aggrieved may be made by any person, agency, or organization." 29 C.F.R. § 1601.7(a). Defendant replies that the regulation allowing a charge to be filed by a third party does not eliminate the requirement that the charge be verified by someone with personal knowledge of the allegations in the charge. *See* 29 C.F.R. § 1601.9. "Although the applicable regulations allow charges of discrimination to be submitted on behalf of a person, the charge must still be verified." *EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1200 (D. Colo. 2011). Moreover, "[w]hile an attorney may file an EEOC charge on behalf of a client, the attorney's signature alone will not constitute verification if the attorney does not personally swear to the truth of the facts stated in the charge and does not have personal knowledge of those facts." *Butler v. Grief, Inc.*, 325 F. App'x 748, 749 (11th Cir. 2009) (per curiam). Accordingly, plaintiff's argument that her charge was valid as the regulations permit a third party to file the charge on her behalf, as her attorney did here, fails, as plaintiff's attorney did not personally swear to the facts in the

---

[1] Plaintiff additionally claims that her attorney had the authority to bind her under penalty of perjury as her agent, acting in a fiduciary role, in the EEOC proceedings. As many courts have found that an attorney's signature is legally insufficient to meet the verification requirement for the filing of a valid charge of discrimination, the Court finds this argument unpersuasive. *See, e.g., Butler v. Grief, Inc.*, 325 F. App'x 748, 749 (11th Cir. 2009) (holding in ADA case that plaintiff had not exhausted his remedies where attorney's signature on EEOC charge was insufficient to verify charge); *Fry v. Muscogee Cnty. Sch. Dist.*, 150 F. App'x 980, 981-82 (11th Cir. 2005) (plaintiff had not exhausted administrative remedies where attorney signed charge "with permission" but could not personally swear to truth of facts in charge); *cf EEOC v. JBS USA, LLC*, 794 F. Supp. 2d 1188, 1200 (D. Colo. 2011).

Charge of Discrimination [Doc. 4-1], and there is no indication that plaintiff's attorney had personal knowledge of the facts forming the basis for the allegations in the charge.

Plaintiff next argues that her Intake Questionnaire [Doc. 12-1], which was personally signed by plaintiff, rather than the Form 5, Charge of Discrimination [Doc. 4-1], was the actual charging document in this case. Plaintiff relies primarily on the Supreme Court's decision in *Holowecki*, arguing that there is no question that the Intake Questionnaire was meant to request the EEOC to begin an action and its remedial process on her behalf. *See* 552 U.S. at 402-03. Plaintiff asserts that "[t]here is no dispute that the Intake Questionnaire was the charging document," and it is "undisputed" that plaintiff "personally signed it" [Doc. 12, p. 8].

Defendant replies to this argument that the Intake Questionnaire may not constitute the charge in this case as it was not "sworn to or affirmed before a notary public." 29 C.F.R. § 1601.3(a). Defendant additionally asserts that the Intake Questionnaire is not "supported by an unsworn declaration in writing under penalty of perjury." *Id.* Accordingly, defendant contends, the Intake Questionnaire was not "verified" within the meaning of the ADA and the EEOC's regulations.[2] Defendant

---

[2] Defendant cites to an Eighth Circuit case, which stated that the Eighth Circuit had consistently held that intake questionnaires that were neither signed under oath nor verified did not satisfy the statutory requirement to be an administrative charge. *See Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998) ("The case law in the Eighth Circuit is well settled . . . . [that] Intake Questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge.") (citing cases). However, several district court cases have held that *Shempert* was at least impliedly overruled by the Supreme Court's decision in *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). *See, e.g., Hall v. St. John Missionary Baptist Church*, No. 4:08CV00645-WRW, 2010 WL 703163, 2-3 (E.D. Ark.

12

distinguishes *Holowecki* from this case, as *Holowecki* dealt with the EEOC's regulations for the ADEA, rather than for claims brought under the ADA. 552 U.S. at 393 ("[N]ote that the EEOC enforcement mechanisms . . . for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces, such as Title VII . . ., and the Americans with Disabilities Act. . . . While there may be areas of common definition, employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination."). Defendant argues that the regulations for the ADEA do not require that charges be verified, *see* 29 C.F.R. § 1626.8, and further distinguishes this case from the one in *Holowecki* as plaintiff here never filed a "verified" purported charging document, where the plaintiff in *Holowecki* submitted an intake questionnaire with a detailed, six-page affidavit.

In *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183-85 (10th Cir. 2007), the Tenth Circuit examined whether a plaintiff in an ADA case could be considered to have exhausted his administrative remedies when he filed an intake questionnaire but never filed a formal charge of discrimination. In that case, the Tenth Circuit found that the plaintiff's intake questionnaire constituted a charge such that he had exhausted his administrative remedies, as the questionnaire met the EEOC's minimum requirements for

Feb. 23, 2010) ("Apparently, *Edelman* overruled *Shempert* to the extent that, under *Shempert*, an unverified intake questionnaire could not constitute a charge."); *Fox v. Thermoform Plastics, Inc.*, No. 06-4507, 2007 WL 2376651, *5 (D. Minn. Aug. 16, 2007) (citing other cases finding *Edelman* overruled *Shempert* and adopting their reasoning; "If the relation-back rule can apply to a claimant-created letter, it may also apply to a completed agency-generated questionnaire, depending on the circumstances of the case."). As *Edelman* deals more practically with the EEOC's relation-back regulation, it will be addressed more fully below.

a charge, including that it was verified, as he signed it under penalty of perjury. The Tenth Circuit also found that plaintiff intended the questionnaire to activate the administrative process and considered that the EEOC treated the questionnaire as a charge, where an EEOC investigator testified that the EEOC treated the questionnaire as a charge and that the EEOC routinely did so. *Id.* at 1184-85.

In *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001), the Eleventh Circuit determined that the plaintiff's intake questionnaire constituted a timely filed charge of discrimination where the questionnaire included all information required for a valid charge, and the circumstances of the case would convince a reasonable person that the plaintiff had manifested her intent to begin the administrative machinery. 250 F.3d at 1319-21. The *Wilkerson* court analyzed the language of the questionnaire itself and found that the language, "A charge of employment discrimination must be filed with the EEOC within *180 days* of the date of the alleged discriminatory action taken against you," could lead a reader to determine the deadline applied to the questionnaire. *Id.* at 1320. The plaintiff's intake questionnaire in *Wilkerson*, in contrast to the questionnaire here, was verified, as the plaintiff signed, "I swear or affirm under penalty of perjury that the provided information is truthful and correct to the best of my knowledge." *Id.* at 1317.

Few cases from within the Sixth Circuit have dealt with whether intake questionnaires may be considered valid administrative charges. In *Williams v. General Electric Company*, 269 F. Supp. 2d 958, 964-65 (S.D. Ohio 2003), dealing with an

14

ADEA claim, the district court determined that the date of the filing of plaintiff's intake questionnaire could serve as the effective date of the filing of plaintiff's charge with the EEOC. The court found that the intake questionnaire showed that plaintiff had manifested an intent to activate the ADEA administrative machinery and found that the lack of verification of the questionnaire did not defeat its status as a charge, because the filing requirements should not be considered in a "hypertechnical manner." *Williams*, 269 F. Supp. 2d at 964. The court also found, based upon the language in communications from the EEOC to plaintiff, that the EEOC may not have considered the intake questionnaire to be an official charge, but it did interpret the questionnaire as a manifestation of plaintiff's intent to bring a charge. *Id.* at 965.

In *Olynyk v. CRA Occupational Health, Inc.*, No. 3:04-CV-7249, 2005 WL 1459547, *4-5 (N.D. Ohio June 21, 2005), in the context of an ADA claim, the district court granted summary judgment in favor of defendants after determining the plaintiff's intake questionnaire could not be considered a valid charge. The court there held that a plaintiff must show two elements for a document to be considered a valid charge: (1) "plaintiff must satisfy the Title VII requirements that a charge be verified and in writing, containing all such information as the EEOC requires[;]" and (2) "plaintiff must show that the 'circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process.'" *Olynyk*, 2005 WL 1459547, at *4 (quoting *Wilkerson*, 270 F.3d at 1321). As is the case here, the court in *Olynyk* found that the plaintiff had responded comprehensively to the questions posed in

15

the intake questionnaire and that the questionnaire contained sufficient information to qualify as a valid charge under 29 C.F.R. § 1601.12(a).[3] *Id.* Also as here, however, the plaintiff had not verified the intake questionnaire, as the questionnaire stated only, "I certify that the above is true to the best of my ability." *Id.* The questionnaire included no notarization and was not made under penalty of perjury. *Id.*

The court then moved on to analyze whether plaintiff had shown that "the circumstances would convince a reasonable person that she had manifested her intent to activate the machinery . . . by filing the EEOC questionnaire." *Id.* at 5 (citing *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1240 (11th Cir. 2004); *Williams*, 269 F. Supp. 2d at 964)). Citing *Bost*, the court determined that the three factors to be considered were the communications between the plaintiff and the EEOC, the language of the EEOC intake questionnaire form, and the EEOC's response to the receipt of the intake questionnaire. *Id.* Looking to the language of the communications from the EEOC, the court noted that

---

[3] Title 29 C.F.R. § 1601.12(a) requires that each charge contain:

(1) The full name, address and telephone number of the person making the charge . . . ;

(2) The full name and address of the person against whom the charge is made . . . ;

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices . . . ;

(4) If known, the approximate number of employees of the respondent employer . . . ; and

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged and, if so, the date of such commencement and the name of the agency.

16

the cover letter with the questionnaire distinguished the questionnaire from a charge, instructing the plaintiff to remember that a charge of employment discrimination must be filed within 300 days, and stating, "If upon receipt of your questionnaire, the information is sufficient for us to draft your charge, we will do so and mail the charge to you for your review and signature." *Id.* (emphasis omitted). The court also found that the fact that plaintiff filed a formal charge after having completed the questionnaire indicated that she understood the difference between a questionnaire and a formal charge, as well as "that the questionnaire was a preliminary filing." *Id.* (citing *Bost*, 372 F.3d at 1241; *Diez v. Minn. Mining & Mfg. Co.*, 88 F.3d 672, 677 (8th Cir. 1996); *Dorn v. Gen. Motors Corp.*, 131 F. App'x 462, 470 n.7 (6th Cir. 2005)). The court additionally noted that the EEOC did not notify defendants until after the formal charge had been filed, suggesting that the EEOC did not consider the intake questionnaire to be a formal charge. *Olynyk*, 2005 WL 1459547, at *5.[4]

Plaintiff argues that the fact that the EEOC accepted and processed the charge, as well as conducted an investigation, should be given "great deference" by the Court. Plaintiff claims that the Court must "assume that the EEOC knows the regulations and abides by them" [Doc. 12, p. 10]. Citing to the declaration of Ms. Kores, plaintiff

---

[4] The Court notes that both *Williams* and *Olynyk* dealt with whether the date the Intake Questionnaire was filed could be considered the date the charge was filed for statute of limitations purposes. The issue in this case is whether plaintiff has exhausted her administrative remedies, as is more directly addressed in *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183-85 (10th Cir. 2007), among other cases cited herein.

submits that because the EEOC accepted the Intake Questionnaire and Form 5 as properly filed and instituting a charge, the investigator handled plaintiff's charge in the same way as he would have had plaintiff personally signed the Form 5. Plaintiff claims that the EEOC overruled defendant's argument that the charge was not verified, and was thus invalid, by continuing its investigation. In support, plaintiff claims that the EEOC's issuance of the right to sue letter was the EEOC's representation that she had exhausted her administrative remedies. Plaintiff claims that even if the EEOC was incorrect in proceeding as if she had filed a valid charge, she should not be prejudiced by the EEOC's actions in doing so, particularly in light of the fact that the EEOC never notified her of defendant's assertion that the charge was invalid.

Defendant responds that "a reviewing court should not defer to an agency position which is contrary to the intent of Congress expressed in unambiguous terms." *Jewish Hosp., Inc. v. Sec'y of Health & Human Servs.*, 19 F.3d 270, 277 (6th Cir. 1994). Defendant claims that the fact that the District Director did not require plaintiff to submit a verified charge and did not question the validity of the charge does not decide the issue of whether plaintiff has satisfied the statutory requirements to bring an ADA suit in this Court.

In this case, the Court is confident in finding that while personally signed by plaintiff, the Intake Questionnaire was not verified for purposes of the statutory and regulatory requirements [*see* Doc. 12-1]. The Intake Questionnaire was neither notarized nor signed under penalty of perjury. As to whether the plaintiff, through the submission

18

of the completed Intake Questionnaire manifested an intent to start the machinery of the administrative process, the Court notes that this is a close question. Plaintiff's Intake Questionnaire included all of the information necessary to sufficiently identify the parties and describe the action or practices of which she complained. 29 C.F.R. § 1601.12(a). As to the language of the Intake Questionnaire, it states: "Remember, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage" [Doc. 12-1, p. 2 (emphasis omitted)]. At the end of the form, it states:

> **Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a change of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.**

[*Id.* at p. 5 (emphasis in original)]. Box 1 reads: "I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time" [*Id.*]. Box 2, which plaintiff checked, reads: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described

19

above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. . . ." [*Id.* (emphasis omitted)]. Under the privacy statement, the questionnaire states that "[c]onsistent with 29 C.F.R. § 1601.12(b) and 29 C.F.R. § 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge" [*Id.*].

By checking Box 2 on the Intake Questionnaire, it appears to the Court that an "objective observer" would believe that plaintiff "request[ed] the agency to activate its machinery and remedial processes." *Holowecki*, 552 U.S. at 398. The wording of the Intake Questionnaire, particularly the wording of Box 2 in comparison to Box 1, weighs in favor of finding that a reasonable person would believe that she was filing a charge of discrimination by checking Box 2 and filing the Intake Questionnaire.

As to the communication from the EEOC to plaintiff, the November 10, 2011 letter appears to send mixed signals as to how the EEOC had considered the Intake Questionnaire, by stating, "Because the document that you submitted to us *constitutes a charge* of employment discrimination, we have complied with the law and notified the employer that you filed a charge. *Before we investigate your charge*, however, you must sign and return the enclosed Form" [Doc. 12-3 (emphasis added)]. It appears that a reasonable person would again believe that she had already filed a charge of discrimination, but would also believe that an additional step, signing and sending in the Form 5, would be necessary for the EEOC to proceed in investigating the charge. By instructing plaintiff to return "the signed charge" to the EEOC office, the letter

20

distinguishes the Intake Questionnaire from the Form 5, which the letter refers to as the "charge."

On the other hand, as other courts have found, the fact that plaintiff, through her attorney, submitted the Form 5, Charge of Discrimination, could indicate that plaintiff knew that the Intake Questionnaire was merely a preliminary filing and that she needed to file the Form 5 to institute a formal charge. *See Bost*, 372 F.3d at 1241; *Diez*, 88 F.3d at 677; *Dorn*, 131 F. App'x at 470 n.7; *Olynyk*, 2005 WL 1459547, at *5. However, the language of the November 10 letter, indicating that the Intake Questionnaire constituted a charge of which the EEOC had notified plaintiff's employer, could lead a reasonable person to believe again, that they had already filed a charge. The language of the November 9, 2011 letter sent from the EEOC to defendant is also somewhat misleading, as it indicates that an EEOC Charge, with a charge number, had been filed against defendant, but states that no action was required, as the EEOC was "awaiting a signed and dated charge of discrimination from the *potential* Charging Party" [Doc. 12-4]. This action by the EEOC is in contrast to the EEOC's action in *Olynyk*, where the court noted that the EEOC did not notify defendants after the intake questionnaire had been filed. 2005 WL 1459547, at *5.

While the Intake Questionnaire included the information necessary to constitute a charge, and it appears to the Court reasonable to believe that plaintiff intended to file a charge when she submitted it, the fact remains that, contrary to the questionnaires in *Jones* and *Wilkerson*, the Intake Questionnaire was not verified. Plaintiff urges the Court

21

to adopt the view that the EEOC treated the Intake Questionnaire as a valid charge, despite the fact that it was not verified. "[W]hile the EEOC's treatment of the questionnaire is relevant, it is not necessarily conclusive." *Wilkerson*, 270 F.3d at 1321 (citing *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1139 (7th Cir. 1994)) (additional citations omitted). The declaration of Ms. Kores states that, "The Intake Questionnaire specifically indicated Ms. Davenport's intention to file a charge of discrimination, and it contained all of the necessary information to open a new charge" [Doc. 12-2 ¶ 4(a)]. The declaration then states, "The Commission reviewed the Intake Questionnaire and the subsequent Form 5, Charge of Discrimination, which she signed via her attorney, and the charge was accepted as constituting a valid charge of discrimination" [*Id.* at ¶ 4(b)]. Accordingly, the declaration does not indicate that the EEOC treated the Intake Questionnaire as a valid charge; it states only that the questionnaire contained the necessary information for a charge, without speaking to the verification requirement. The declaration indicates that it was only after plaintiff's attorney submitted the Form 5 that the charge was accepted as a valid charge of discrimination.

The Court finds that the Intake Questionnaire did not constitute a valid charge of discrimination and has also found that plaintiff's attorney's signature on the Form 5 was insufficient to meet the verification requirement for a valid administrative charge, as he did not have personal knowledge of and could not swear to the facts contained therein. Accordingly, the Court must now determine whether plaintiff's amended Form 5 [Doc.

22

12-6, p. 6], signed by her hand and notarized on September 14, 2012, relates back to the date of the filing of the Intake Questionnaire or the Form 5, and whether defendant has waived its verification argument.

Plaintiff asserts that pursuant to 29 C.F.R. § 1601.12(b), her signed and notarized amended Form 5, which she filed when she discovered the alleged defect, relates back to the date of the filing of her original Form 5.[5]  The amended Form 5 was signed on September 14, 2012, after the filing of the partial motion to dismiss [Doc. 12-6, p. 6].  "A charge may be amended to cure technical defects or omissions, including the failure to verify the charge . . . ." 29 C.F.R. § 1601.12(b).  Such corrective amendments "will relate back to the date the charge was first received."  *Id.*  To relate back, a charge must be in writing and "sufficiently precise to identify the parties and to describe generally the actions or practices complained of."  *Id.*  In *Edelman v. Lynchburg College*, the Supreme Court reviewed the validity of the EEOC regulation allowing an individual, who files an unverified charge, to amend the charge and have the amended charge relate back to the

_____

[5] In the alternative, if the Court finds that the issuance of the right to sue letter estopped her from amending the charge, plaintiff claims that the amendment period should be equitably tolled.  Plaintiff asserts that the Court should considering the following factors to determine whether to equitably toll the time period: (1) whether the plaintiff had actual notice of a time restraint; (2) whether the plaintiff had constructive notice of the time restraint; (3) the degree of diligence used in pursuing her rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint [Doc. 16, p. 12 (citing *Steiner v. Henderson*, 354 F.3d 432 (6th Cir. 2003)).  In light of the law and regulations at issue here, the Court construes this request as one for the Court to consider the equitable principles in favor of allowing the verification requirement to be waived, and the Court considers those arguments in its analysis.

date of the original filing. 535 U.S. 106. The Supreme Court found the regulation was valid and explained "[t]he verification requirement has the . . . object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury. This object, however, demands an oath only by the time the employer is obliged to respond to the charge, not at the time an employee files it with the EEOC." *Id.* at 113.

The protection given an employer by the verification requirement, that is that it not be required to response to frivolous charges against it, "is lost once the right to sue letter issues and the employer is served with a lawsuit." *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994). "Thus we conclude that a reasonable construction of the EEOC's regulation would simply allow charges to be verified and to relate back only so long as the charge is a viable one in the EEOC's files, but that where, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended." *Id.*; *but see McWilliams v. Latah Sanitation, Inc.*, 149 F. App'x 588, 590 (9th Cir. 2005) (holding that lack of verification is a "mere technical defect" that can be remedied at any time under 29 C.F.R. § 1601.12(b), even after the right to sue letter has been issued and suit filed). "In certain situations, the EEOC regulations permit an otherwise timely charge to be verified or amended after the time for filing has expired, but the deadline to verify is the time the employer is obliged to respond to the EEOC charge." *Butler*, 325 F. App'x at 749 (citing *Edelman*, 535 U.S. at 113; 29 C.F.R. § 1601.12(b)).

24

Absent Sixth Circuit authority on point, the Court concludes that the late-filed amended Form 5 does not relate back to the filing of either the Intake Questionnaire or the Form 5. While the Court recognizes that plaintiff herself may not have been aware of the defect caused by the lack of verification, she was represented by counsel throughout the whole process and thus does not require the same liberal standard applied to *pro se* filers. The EEOC recommended closure and the right to sue letter was issued on July 6, 2012, plaintiff filed suit in state court on July 23, 2012, the suit was removed to this Court on August 23, 2012, and plaintiff filed the amended Form 5 on September 14, 2012. As the purpose of the verification requirement is to protect the defendant from responding to frivolous charges and "demands an oath . . . by the time the employer is obliged to respond to the charge," plaintiff, in filing her verified amended Form 5 after the EEOC closed its case and this suit was initiated and removed to this Court, did so too late. *Edelman*, 535 U.S. at 113; *see Balazs*, 32 F.3d at 157; *Butler*, 325 F. App'x at 749.

Plaintiff also argues that defendant waived any claim that the charge was invalid when it responded to the merits of the charge. Some courts have held that the verification requirement is subject to waiver. *Cf Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." ). In *Buck v. Hampton Township School District*, the Third Circuit determined that although verification is a requirement under Title VII, the verification requirement is subject to waiver "when

25

equity so requires." 452 F.3d 256, 263 (3d Cir. 2006); *see also Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 79 (5th Cir. 1982) ("The verification requirement is non-jurisdictional, and therefore subject to equitable considerations."). In *Buck*, "the employer received a notice and copy of the charge, and filed a lengthy and detailed response on the merits, without mentioning the plaintiff's failure to verify the charge, all *before* the EEOC issued its right to sue letter." *Id.* at 262 (emphasis in original). As the employer failed to raise the verification issue in the agency proceedings, the Third Circuit found that it had waived the right to assert the lack of verification as a bar to the plaintiff's federal court suit. *Id.* at 265; *see also Perkins v. Fed. Fruit and Produce Co.*, 861 F. Supp. 2d 1285, 1290 (D. Colo. 2012) ("In this case, the EEOC, and [defendant] participated in the investigation of plaintiffs' EEOC charges. No objection to the lack of verification was raised during the EEOC investigation. As in *Buck*, I conclude that these circumstances amount to a forfeiture by the EEOC and [defendant] to enforce the verification requirement.").

In *JBS USA, LLC*, following *Buck* after finding no authority from the court's own Tenth Circuit on point, the district court held that "the 'technical' verification requirement, like the requirement of timely filing, may be waived under certain circumstances. . . ." 794 F. Supp. 2d at 1202. The court found that the defendant in that case had waived the verification requirement, because the EEOC had a full opportunity to conciliate and the defendant had received notice of the charges against it. *Id.*; *see Jones*, 502 F.3d at 1185 (holding that the purposes of administrative exhaustion are "1) to give

notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim").

Like those cases, here, defendant received notice of the charges against it and responded fully to the allegations. In contrast to those cases, however, in its Response to Request for Information, the defendant raised an extensive objection to the fact that the charges were not verified, and even included citations to legal authority [Doc. 5-2]. Defendant asserts that it responded to the merits of the allegations, as well, because it recognizes the authority of the EEOC and did not wish to waive any defenses it may have to any of the charges lodged against it. Plaintiff argues that she did not have notice of the fact that there was a possible problem with the validity of her charge, so that she should either be allowed to have her newly-filed, verified charge relate back to the dates of her earlier filings, or so that the verification requirement should be waived here. In light of defendant having raised the objection that, "Charging Party's Charge is signed only by Charging Party's attorney and is not verified . . . [and] is legally insufficient and subject to dismissal," in its initial response to the charges with the EEOC, the Court finds that defendant has not waived the verification requirement.

Accordingly, the Court finds that plaintiff has failed to exhaust her administrative remedies as to her ADA claim, as she failed to verify either the Intake Questionnaire or the Form 5, Charge of Discrimination, and thus did not file a valid administrative charge, and defendant did not waive the verification requirement.

## IV.    Conclusion

As set forth above, the Court hereby **GRANTS in part** and **DENIES in part** Asbury, Inc.'s, Motion to Strike Declaration of Katharine Kores and Incorporated Brief in Support [Doc. 14], to the extent that the Court declined to consider paragraphs 4(c) and 4(g) of the declaration.   For the reasons explained above, the Court hereby **GRANTS** Defendant Asbury, Inc.'s Partial Motion to Dismiss [Doc. 4], here converted to a motion for partial summary judgment, and **DISMISSES** plaintiff's ADA claim.

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE


ENTERED AS A JUDGMENT

s/ Debra C. Poplin
CLERK OF COURT